No. 12648

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

BENNIE LAIRD TURNER,

Defendant and Respondent.

Appeal from:  District Court of the Twelfth Judicial District,
Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
J. Michael Young appeared, Assistant Attorney General,
Helena, Montana
Ronald W. Smith argued, County Attorney, Havre, Montana

For Respondent:

Hauge, Hauge, Ober and Spangelo, Havre, Montana
Ted Thompson argued, Havre, Montana

Submitted:  June 14, 1974

Decided: JUL - 1 1974

Filed: JUL - 1 1974

_____
Clerk

Honorable E. Gardner Brownlee, District Judge, sitting in place of Mr. Chief Justice James T. Harrison, delivered the Opinion of the Court.

This appeal by the State raises the question of whether the district court erred in suppressing certain evidence. It is undisputed that officers Stremcha and Dramstad of the Havre Police Department arrested defendant Bennie Laird Turner for operating a motor vehicle while under the influence of intoxicating liquor. There is no question of the grounds for or the validity of the arrest. Following the arrest defendant was placed in the police car to be transported to the police station. Officer Dramstad was directed by his superior to bring defendant's car to the police station. It is standard operating procedure for the Havre Police Department to do this rather than leave the car unattended on the city streets. In this case defendant did not request the officers to make any other disposition of his car, and upon being told that it would be taken to the station house, he made no objection.

During the short trip to the police station Officer Dramstad became aware of a beer bottle on the floor of the car. Upon arriving at the station he went around to the passenger side of the car to remove the beer bottle and hold it as evidence. When he picked up the bottle he observed what he suspected was, and which later was proven to be, a bag of marijuana lying near the bottle. Officer Dramstad removed this bag as well as the beer bottle. He took these items into the police station and returned to make a more complete search of the car. He found a marijuana cigarette in the ash tray. Defendant was then arrested on the additional charge of possession of marijuana.

The use of these two items of marijuana in evidence was suppressed by the district court.

The facts of the arrest and the decision to take the defendant to the police station required the officers to determine what disposition would be made of defendant's automobile. Depart-

ment policy called for the automobile to be taken to the police station.  Certainly such conduct would insure the safety of defendant's property.  Without another alternative suggested by defendant, such procedure seems reasonable.  As stated by the Supreme Court of the United States in a footnote in the case of United States v. Robinson, ____U.S.____, 38 L.Ed.2d 427, 433, 434, 436, 94 S.Ct. 467 (1973) "Such operating procedures are not, of course, determinative of the constitutional issues presented by this case."  That case and a companion case, Gustafson v. Florida, ____U.S.____, 38 L.Ed.2d 456, 94 S.Ct. 488 (1973) summarize the law as follows:

> "It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment.  This general exception has historically been formulated into two distinct propositions.  The first is that a search may be made of the person of the arrestee by virtue of the lawful arrest.  The second is that a search may be made of the area within the control of the arrestee.
>
> "Examination of this Court's decisions in the area show that these two propositions have been treated quite differently.  The validity of the search of a person incident to a lawful arrest has been regarded as settled from its first enunciation, and has remained virtually unchallenged until the present case.  The validity of the second proposition, while likewise conceded in principle, has been subject to differing interpretations as to the extent of the area which may be searched."

These two cases considered the first proposition in relation to a search of the person following a traffic arrest.  The search in each case resulting in the finding of dangerous drugs was upheld.  In Robinson the Supreme Court stated the rule applicable to this case when it stated:

> "Thus the broadly stated rule, and the reasons for it, have been repeatedly affirmed in the decisions of this Court since Weeks v. United States nearly 60 years ago.  Since the statements in the cases, speak not simply in terms of an exception to the warrant requirement, but in terms of an affirmative authority to search, they clearly imply that such searches also meet the Fourth Amendment's requirement of reasonableness."

- 3 -

From a constitutional standpoint this case turns on the question of whether the actions of the officers were reasonable. In considering whether the actions were reasonable, the Montana statutes should be examined to learn what authority the Legislature has given the officers. Section 95-702, R.C.M. 1947, states in part:

> "When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of:
>
> " * * *
>
> "(d) Discovering and seizing any persons, instruments, articles or things which may have been used in the commission of, or which may constitute evidence of, the offense."

Under Montana law, section 32-2142, R.C.M. 1947, a person may be arrested for driving an automobile while under the influence of intoxicating liquor or drugs. After a person has been removed from a car and arrested for DWI the officer has the obligation to "work up" his case, and contrary to what was stated by defendant's counsel in open court, all of the possible evidence is not "under the defendant's belt". Certainly, information about the nature of the intoxicating substance might reasonably be expected to be found in the automobile. The automobile is an essential part of the evidence, and all information about the automobile is important, including whether or not its condition caused its erratic movements on the highway. Only by examining the automobile and certainly by driving it will the officer find the answers to pertinent questions.

Officer Dramstad not only exercised good judgment in collecting evidence pursuant to statutory and constitutional provisions but he went further, and by following police procedure and removing defendant's car to a place for safekeeping, he took care that defendant's property would not be left unattended and

- 4 -

subject to possible damage.

The district court order suppressing the evidence is reversed. The case is returned to the district court for further action not inconsistent with this opinion.

_____
Hon. E. Gardner Brownlee, District
Judge, sitting in place of Mr. Chief
Justice James T. Harrison.

We concur:

_____

_____
John Conway Harrison

_____

_____
    Justices

- 5 -